IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALEX TEJEDA**,

          Petitioner,

**v.**                                CIVIL ACTION No. 1:17CV101
                                      CRIMINAL ACTION No. 1:12CR114-3
                                                (Judge Keeley)

**UNITED STATES OF AMERICA**,

          Respondent.

             **MEMORANDUM OPINION AND ORDER**
        **DISMISSING CASE WITHOUT PREJUDICE [DKT. NO. 4]**

    Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1)[1] filed by the petitioner, Alex Tejeda ("Tejeda"). For the reasons that follow, the Court concludes that it lacks subject matter jurisdiction over Tejeda's petition because he is no longer "in custody" for the conviction and sentence he is presently challenging. Accordingly, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

                **I. FACTUAL AND PROCEDURAL BACKGROUND**

    On April 26, 2013, Tejeda pleaded guilty in this Court to one count of Assault with a Dangerous Weapon with Intent to do Bodily Harm – Aiding and Abetting, in violation of 18 U.S.C. §§ 2, 7(3), and 113(a)(3) (Case No. 1:12CR114-3, Dkt. No. 72). On April 30, 2013, the Court sentenced Tejeda to 12 months of incarceration and

---

[1] Unless otherwise noted, all docket numbers refer to Civil Action No. 1:17CV101.

a $100 mandatory special assessment, with no supervised release to follow (Case No. 1:12CR114-3, Dkt. No. 80). Because he received credit for time served since January 29, 2013, id., Tejeda satisfied this 12-month sentence on January 29, 2014.

On July 21, 2015, Tejeda was charged in the United States District Court for the District of Alaska with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and (b)(1)(C); two counts of Possession with Intent to Distribute Controlled Substances, in violation of §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); and one count of Distribution of Methamphetamine and Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Case No. 3:15CR66, Dkt. No. 3). After a four-day jury trial, Tejeda was found guilty of all four counts and was later sentenced to 180 months of incarceration and 10 years of supervised release (Case No. 3:15CR66, Dkt. Nos. 109, 114, 265).

On June 6, 2017, Tejeda filed a pro se motion in this Court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). After he re-filed his motion on the court-approved form (Dkt. No. 4), the Court conducted a preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings to determine

whether his motion has merit. Because the preliminary review determined that Tejeda's motion was untimely, the Court issued a notice pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notifying Tejeda that his case may be dismissed as untimely unless he could demonstrate that the statute of limitations should be tolled (Dkt. No. 8). Although Tejeda did not file a response, the Court's subsequent review determined that Tejeda is no longer "in custody" for his conviction and sentence in this Court, and, therefore, it lacks subject matter jurisdiction over his § 2255 motion.

## II. APPLICABLE LAW

Federal prisoners, who are "in custody," can assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In Maleng v. Cook, 490 U.S. 488, 490-91 (1989), the Supreme Court held that a petitioner is not "in custody" under a conviction for the purpose of § 2254 relief when the sentence imposed for that conviction has fully expired. Since then, courts

have held that Maleng's analysis equally applies when a movant is no longer in federal custody for purposes of § 2255 when the sentence imposed for that conviction has expired. See, e.g., United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004).

Although the Fourth Circuit has not yet addressed the question, other courts within the Fourth Circuit have. See, e.g., Cannady v. United States, No. 5:97-CR-39-BO-5, 2017 WL 2167890, at *2 (E.D.N.C. May 16, 2017). The Court agrees with the analysis in Cannady and concludes that, to obtain relief under § 2255, the petitioner must be "in custody" for the conviction or sentence under attack at the time his or her motion is filed.

### III. ANALYSIS

On April 30, 2013, the Court sentenced Tejeda to 12 months of incarceration, with credit for time served since January 29, 2014, a $100 mandatory special assessment, and no supervised release to follow (Case No. 1:12CR114-3, Dkt. No. 80). Because he received credit for time served since January 29, 2013, Tejeda satisfied this sentence on January 29, 2014. Long after satisfying this sentence, Tejeda filed the instant § 2255 motion on June 6, 2017 (Dkt. No. 4).

**MEMORANDUM OPINION AND ORDER
DISMISSING CASE WITHOUT PREJUDICE [DKT. NO. 4]**

Although Tejeda is presently in BOP custody at FCI McKean,[2] he is not serving the 12-month sentence imposed by this Court but rather his 180-month sentence imposed by the District of Alaska (Case No. 3:15CR66, Dkt. No. 265). Therefore, Tejeda is no longer "in custody" on the conviction he challenges. Accordingly, this Court lacks jurisdiction to decide his § 2255 motion.

### IV. CONCLUSION

For these reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction (Dkt. No. 4).

It is so **ORDERED.**

The Clerk is directed to enter a separate judgment in favor of the United States. The Clerk is further directed to provide a copy of this order to Tejeda by certified mail, return receipt requested, to his last known address, and to counsel of record by electronic means.

DATED: June 11, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited June 10, 2019).